IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Melissa Smith-Deaton,            )
                                 )
         Plaintiff,              )   Case No. 1:08-CV-505
                                 )
    v.                           )
                                 )
Western & Southern               )
Financial Group,                 )
                                 )
         Defendant.              )

O R D E R

This matter is before the Court on Defendant Western & Southern Financial Group's motion for summary judgment (Doc. No. 23). For the reasons set forth below, Defendant's motion for summary judgment is well-taken and is **GRANTED.**

I. Background

Plaintiff Melissa Smith-Deaton presents federal and state claims of age discrimination against her former employer, Defendant Western & Southern Financial Group ("Western & Southern), pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Ohio Civil Rights Act, Ohio Rev. Code § 4112. Plaintiff also asserts a claim for retaliation in violation of Ohio Rev. Code § 4112.02.

The relevant and material facts of this case are straightforward.

Plaintiff was employed by Western & Southern from March 25, 1985 through the date of her termination, December 13, 2006.

1

Plaintiff's final position with Western & Southern was as a Customer Service Analyst in the Client Relationship Center. This position principally involved fielding telephone calls and answering questions for insurance policy holders. Plaintiff was 52 years old at the time of her discharge.

Plaintiff was on FMLA leave from July 3, 2006 through December 4, 2006. It is not disputed that while she was on FMLA leave, Plaintiff made at least two recorded phone calls to Western & Southern in which she made disparaging comments about her department manager.[1] When Plaintiff returned to work on December 4, she was placed on probation for ninety days for making these comments.

Western & Southern terminated Plaintiff's employment on December 13, 2006 for violating its privacy guidelines by accessing the records of an insurance policy held by her daughter-in-law, Jennifer Smith, without a proper business purpose. Smith had called Western & Southern while Plaintiff was on FMLA leave and specifically requested that Plaintiff be denied access to her records because she was concerned that Plaintiff would change the beneficiary information. As a result of this

---

[1] The transcripts of these phone calls are recited in Western & Southern's brief. Plaintiff does not dispute that she made these calls nor has she challenged Western & Southern's characterization of these phone calls. Plaint. Dep. at 76-77. Accordingly, the Court need not detail the nature of these phone conversations here.

request, a "legal code" was placed on the file so that no changes could be made to the policy without Smith's consent. Plaintiff admits that she accessed Smith's policy information on behalf of her son, without Smith's permission, but only to determine whether the policy covered a recently-born grandchild. Plaintiff also claims she had a business purpose in accessing the file because she had a referral pending to place a new policy with Smith that would have helped qualify her to participate in a sales meeting trip. Western & Southern, however, rejected this excuse because the file on that particular policy would not have reflected whether Smith had taken out a new policy. Western & Southern replaced Plaintiff with Carol Penney, who is approximately five years younger than Plaintiff.

Plaintiff also claims that she was terminated in retaliation for complaining about age discrimination. Plaintiff says she complained in 2003 that younger employees were treated more favorably than older employees with respect to the company dress code. Plaint. Dep. at 23. Plaintiff also says she complained in 2005 or 2006 that younger employees were permitted to contact the department manager at home regarding impending absences from work but that older employees such as herself were denied that privilege. Id. at 32. Plaintiff claims that she complained in 2005 that her manager treated older employees differently from younger employees. Id. at 43. She also claims

3

that she complained around the same time that younger employees were allowed to use cell phones at work but older employees could not. Id. at 45.

Plaintiff filed a complaint of age discrimination with the EEOC and a right-to-sue letter was issued on May 9, 2008. Plaintiff filed this lawsuit on July 29, 2008. Upon the conclusion of discovery, Western & Southern filed the instant motion for summary judgment on each of Plaintiff's claims. Western & Southern's motion has been fully briefed and is ready for disposition.

## II. Summary Judgment Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom. United States v. Diebold, Inc., 369 U.S. 654 (1962). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The

Court will not grant summary judgment unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472 (1962). "[T]he issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as

an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.  Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence.  Id.; Anderson, 477 U.S. at 250.  Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim.  Id.  Rule

6

56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits." Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

III. <u>Analysis</u>

As indicated, Plaintiff asserts claims for age discrimination and retaliation, pursuant to the ADEA and the Ohio Civil Rights Act. The federal and state discrimination statutes employ the same evidentiary standards and, consequently, may be analyzed together. <u>Peters v. Lincoln Elec. Co.</u>, 285 F.3d 456, 469 (6th Cir. 2002).[2]

A. <u>Age Discrimination</u>

Plaintiff claims that she was discriminated against on the basis of age with respect to her termination. Western & Southern argues that it is entitled to summary judgment on the grounds that there is no direct evidence of age discrimination and Plaintiff cannot establish a prima face case of age discrimination under a circumstantial evidence analysis. In the latter regard, Western & Southern argues that Plaintiff was not

---

[2] Western & Southern argues that Plaintiff's state law age discrimination claim is barred under the election of remedies doctrine. Because the Court concludes that Western & Southern is entitled to summary judgment on the merits, the Court need not reach the election of remedies issue.

replaced by a substantially younger person and there is no evidence that similarly-situated persons were treated more favorably than Plaintiff. The Court agrees.

As Western & Southern correctly argues, Plaintiff has not adduced any direct evidence that her age was a factor in the decision to terminate her. Accordingly, Plaintiff is relegated to proving discrimination through circumstantial evidence.

A plaintiff establishes a prima facie case of age discrimination circumstantially by showing: 1) she is a member of a protected class; 2) she suffered an adverse employment action; 3) she was qualified for the job lost or not gained; and 4) that a person substantially younger than the plaintiff replaced or was selected over her, or that the position remained open while the employer sought other applicants. O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996); Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1186 n.12 (6th Cir. 1996); Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1329 (6th Cir. 1994). A plaintiff may also satisfy the fourth element by showing that the employer treated similarly-situated non-protected persons more favorably than the plaintiff. Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1246 (6th Cir. 1995).

The Court first agrees that Plaintiff cannot satisfy her burden of demonstrating that her replacement was substantially younger than her. In the Sixth Circuit, "in the

absence of direct evidence that the employer considered age to be significant, an age difference of six years or less between an employee and a replacement is not significant." Grosjean v. First Energy Corp., 349 F.3d 332, 341 (6th Cir. 2003). In this case, Plaintiff's replacement was about five years younger and there is no direct evidence that Western & Southern considered age a factor in the decision to terminate her. Therefore, Plaintiff was not replaced by a substantially younger person as a matter of law.

Plaintiff can also establish a prima facie of age discrimination by demonstrating that substantially younger persons were treated more favorably than she was. In order to be similarly-situated, the plaintiff must show that all relevant aspects of her employment situation are nearly identical to the non-protected employee's situation. Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998). To be deemed "similarly situated," the individuals with whom the plaintiff seeks to compare her treatment must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them for it. Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992). The conduct at issue, however, must rise above a superficial level of similarity in

order for the plaintiff and her comparators to be considered "similarly-situated." Clayton v. Meijer, Inc., 281 F.3d 605, 611 (6th Cir. 2002).

Plaintiff's memorandum in opposition identifies a number of younger employees whom she claims were treated more favorably than older employees. Doc. No. 25, at 13-14. None of these alleged examples of favoritism, however, are even remotely similar to the grounds asserted for Plaintiff's termination. For example, Plaintiff relies on incidents were younger employees were not disciplined for violating the dress code or using their cell phones during work hours or were accommodated more easily on scheduling. Plaintiff, however, has not adduced any evidence that a substantially younger employee was not terminated or disciplined for violating Western & Southern's privacy policy under similar circumstances. Consequently, Plaintiff cannot establish a prima facie case of age discrimination.

Accordingly, Western & Southern's motion for summary judgment on Plaintiff's federal and state age discrimination claims is well-taken and **GRANTED.** Those claims are **DISMISSED WITH PREJUDICE.**

### B. Retaliation

Finally, Plaintiff claims that Western & Southern retaliated against her for complaining about discrimination by terminating her employment. In order to establish a prima facie

10

case of retaliation, a plaintiff must establish that: 1) she engaged in activity protected by the discrimination statutes; 2) the exercise of her civil rights was known to the defendant; 3) thereafter, the defendant took an employment action adverse to the plaintiff; and 4) there was a causal connection between the protected activity and the adverse employment action. See Harrison v. Metropolitan Gov't of Nashville, 80 F.3d 1107, 1118 (6th Cir. 1996), overruled on other grounds as recognized by Jackson v. Quanex Corp., 191 F.3d 647, 667 (6th Cir. 1999). To establish the causal connection required in the fourth prong, the plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not participated in protected activity. See EEOC v. Avery Dennison Corp., 104 F.3d 858, 861 (6th Cir. 1997); Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 377 (6th Cir. 1984). The burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met. See Avery Dennison, 104 F.3d at 861.

Western & Southern argues that Plaintiff cannot establish a prime facie case of retaliation because the temporal proximity between her alleged complaints about discrimination and her termination is too great as a matter of law. The Court agrees.

Plaintiff acknowledges in her brief that she was

terminated twelve to fifteen months after her last alleged complaint of age discrimination.  Doc. No. 25, at 17.  The Sixth Circuit has held that a nine month gap between the employee's complaint and her termination is insufficient without additional evidence of causation to establish a prima facie case of retaliation.  Hamilton v. Starcom Mediavest Group, Inc., 522 F.3d 623, 629 (6th Cir. 2008).  In Clay v. United Parcel Serv., Inc. 501 F.3d 695, 717-18 (6th Cir. 2007), a six month gap without any other evidence of causation was insufficient to establish a prima facie case of discrimination.  Here, the twelve to fifteen month gap between Plaintiff's alleged complaints and her termination is too great as a matter of law to establish a causal connection and she has no additional evidence of causation.  Plaintiff argues in her brief that she had a good work record and that Western & Southern simply seized the first opportunity it had to fire her for her complaints.  There is no evidence, however to support this argument, particularly in light of the fact that Plaintiff has not identified any employee who was not terminated for engaging in substantially similar conduct.

Accordingly, Western & Southern's motion for summary judgment on Plaintiff's retaliation claim is well-taken and is **GRANTED**.  This claim is **DISMISSED WITH PREJUDICE.**

## Conclusion

For the reasons stated, Western & Southern's motion for

summary judgment is well-taken and is **GRANTED.** The complaint is **DISMISSED WITH PREJUDICE. THIS CASE IS CLOSED.**

        **IT IS SO ORDERED**

Date August 31, 2009             s/Sandra S. Beckwith
                                      Sandra S. Beckwith
                            Senior United States District Judge